**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TFHSP LLC SERIES B, AS TRUSTEE FOR THE BAY MEADOWS 102 LAND TRUST** | § § § § | |
| | § | |
| **VS.** | § § | **CIVIL ACTION 3:14-CV-2180-D** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2003-4** | § § § § § § § | |

---

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Date:  April 10, 2015

Respectfully submitted

**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Arthur Elex Anthony**
  State Bar No. 24001661
  aanthony@lockelord.com
**Alexa R. Watt**
  State Bar No. 24065303
  awatt@lockelord.com

**LOCKE LORD LLP**
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

TABLE OF CONTENTS

Page

I.      SUMMARY ..........................................................................................................1

II.     SUMMARY JUDGMENT EVIDENCE .........................................................2

III.    UNDISPUTED MATERIAL FACTS .............................................................3

IV.     ARGUMENTS & AUTHORITIES ..................................................................5

        A.      Summary Judgment Standard..............................................................5

        B.      Plaintiff's Suit to Quiet Title Fails as a Matter of Law ......................6

                1.      TFHSP Has No Standing to Challenge the Assignment Conferring
                        Defendant's Interest in the Loan...............................................7

                2.      Plaintiff's Purported Challenge to the Home Equity Lien Fails .........10

                3.      Plaintiff's Statute of Limitations Argument Fails.................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bormio Investments, Inc. v. USBC Bank USA Nat'l Ass'n*,
__ F. App'x __, 2014 WL 2924915 (5th Cir. June 30, 2014)......................................................11

*Broyles v. Chase Home Fin.,*
No. 3:10–CV–2256–G, 2011 WL 1428904 (N.D. Tex. Apr. 13, 2011) ...................................9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).................................................................................................................5

*Culhane v. Aurora Loan Services of Nebraska*,
708 F.3d 282 (1st Cir. 2013).........................................................................................9, 10, 11

*Cypert v. USBC Bank USA Nat'l Ass'n*,
No. 3:13-CV-1032-D, 2013 WL 5822339 (N.D. Tex. Oct. 30, 2013) ...................................11

*Davis v. Chevron U.S.A., Inc.*,
14 F.3d 1082 (5th Cir.1994) ....................................................................................................6

*DiSanti v. Mortg. Elec. Registration Sys., Inc.*,
No. 4:10-cv-103, 2010 WL 3338633 (E.D. Tex. Aug. 24, 2010).............................................1

*DiSanti v. Wachovia Bank, Nat'l Ass'n*,
No. 2-08-330-CV, 2009 WL 1372970 (Tex. App.—Fort Worth May 14, 2009, no
pet.) .........................................................................................................................................1

*DTND Sierra Invs., LLC v. Deutsche Bank Nat. Trust Co.*,
No. 04-12-00817-CV, 2013 WL 4483436 (Tex. App.—San Antonio Aug. 21, 2013,
pet. denied)..............................................................................................................................6

*Duckett v. City of Cedar Park, Tex.*,
950 F.2d 272 (5th Cir.1992) ....................................................................................................5

*Ford v. Exxon Mobil Chem. Co.,*
235 S.W.3d 615 (Tex. 2007)....................................................................................................6

*Green v. JPMorgan Chase Bank, N.A.*,
937 F. Supp. 2d 849 (N.D. Tex. 2013), *aff'd sub nom. Green v. JP Morgan Chase
Bank, N.A.*, 562 Fed. Appx. 238 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 220, 190 L.
Ed. 2d 133 (2014) ....................................................................................................................9

*Holy Cross Church of God in Christ v. Wolf*,
44 S.W.3d 562 (Tex. 2001)....................................................................................................13

*Hughes v. Tobacco Inst., Inc.*,
  278 F.3d 417 (5th Cir. 2001) ...............................................................................................11

*Iacobucci v. Wells Fargo Bank, N.A.*,
  No. 3:13-CV-1425-B, 2013 WL 6061343 (N.D. Tex. Nov. 15, 2013)...................................11

*Jackson v. Thweatt*,
  883 S.W.2d 171 (Tex. 1994)................................................................................................13

*JPMorgan Chase Bank, N.A. v. Ngo,*
  4:13-CV-00273, 2014 WL 229482 (E.D. Tex. Jan. 21, 2014) .................................................1

*Khan v. GBAK Properties, Inc.*,
  371 S.W.3d 347 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ...........................................13

*Kingman Holdings, L.L.C. v. Bank of Am., N.A.*,
  No. 4:11-CV-00033, 2011 WL 4431970 (E.D. Tex. Sept. 22, 2011).......................................1

*Kingman Holdings, L.L.C. v. Everbank*,
  No. 5:13-cv-01127-DAE, 2014 WL 1491257 (W.D. Tex. Apr. 14, 2014)...............................1

*Kramer v. JP Morgan Chase Bank, N.A.*,
  __ F. App'x __, 2014 WL 2872905 (5th Cir. June 25, 2014)..................................................11

*Little v. Liquid Air Corp.*,
  37 F.3d 1069, 1075 (5th Cir.1994) ........................................................................................6

*Moran v. Ocwen Loan Servicing, L.L.C.*,
  560 Fed. App'x 277, 279-80 (5th Cir. Mar. 24, 2014) ..........................................................11

*Morlock, L.L.C. v. Bank of Am., N.A.*,
  CIV.A. H-14-1678, 2015 WL 136654 (S.D. Tex. Jan. 9, 2015).......................................7, 13

*Morlock, L.L.C. v. Bank of America, N.A*,
  2014 WL 7506888 (5th Cir. 2014) ...................................................................................6, 10

*Nunez v. CitiMortgage, Inc.*,
  2014 WL 819463 (W.D. Tex. Marc. 3, 2014) .................................................................11, 12

*Reinagel v. Deutsche Bank Nat. Trust Co.*,
  735 F.3d 220 (5th Cir. 2013) ..............................................................................................7, 8

*Scott v. JP Morthatgan Chase Bank, N.A.*,
  No. 4:13-cv-3211, 2014 WL 4167980 (S.D. Tex. Aug. 19, 2014).........................................11

*Sigaran v. U.S. Bank Nat'l Ass'n*,
  560 F. App'x 410 (5th Cir. Apr. 30, 2014)...........................................................................11

*Silver Gryphon, L.L.C. v. HSBC Bank USA, N.A.*,
    CIV.A. H-14-443, 2014 WL 2611811 (S.D. Tex. June 11, 2014)............................................7

*In re Slusser*,
    136 S.W.3d 245 (Tex. App.—San Antonio 2004, no pet.).......................................................6

*South Tex. Water Auth. v. Lomas,*
    223 S.W.3d 304 (Tex. 2007)....................................................................................................8

*Stretcher v. Bank of Am., N.A.*,
    No. 3:13-CV-2932-L, 2013 WL 6017460 (N.D. Tex. Nov. 13, 2013)...................................11

*Taylor v. U.S. Bank Nat'l Ass'n*,
    Civ. No. H–13–3783, 2014 WL 1703936 (S.D. Tex. Apr. 29, 2014)....................................11

*Thigpen v. Locke,*
    363 S.W.2d 247 (Tex. 1962)..................................................................................................12

*Trest v. Mortgage Elec. Registration Sys., Inc.*,
    4:12-CV-752, 2014 WL 2586965 (E.D. Tex. June 9, 2014) .................................................10

*Williams v. Wachovia Mortgage Corp.*,
    407 S.W.3d 391 (Tex. App.—Dallas July 11, 2013, pet. denied) ........................................11

**STATUTES**

12 U.S.C. § 1821(d)(14) ...............................................................................................................13

TEX. CIV. PRAC. & REM. CODE § 16.035...................................................................................13

**OTHER AUTHORITIES**

FED. R. CIV. P. 56(e) .......................................................................................................................6

FED. R. EVID. 201.........................................................................................................................3, 4

FED. R. CIV. P. 56(c)......................................................................................................................1, 5

TEX. CONST. art. XVI, § 50(a) et seq...........................................................................................12

Pursuant to Federal Rule of Civil Procedure 56(c), Deutsche Bank National Trust Company, solely in its capacity as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2003-4, Asset-Backed Certificates, Series 2003-4, erroneously named as Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2003-4 ("Deutsche" or "Defendant") ("Defendant" or "Deutsche Bank") files this brief in support of its motion for summary judgment against Plaintiff TFHSP LLC Series B, as Trustee for the Bay Meadows 102 Land Trust ("Plaintiff"),[1] as follows:

## I.      SUMMARY

Plaintiff's business model involves the purchase of property from home owners association foreclosure sales for a fraction of the property's value.  Plaintiff follows that purchase with a challenge to the lien rights of the mortgagee, in hopes of invalidating the mortgage lien, taking possession of the property and making substantial profit from its subsequent rental or sale.[2]  Plaintiff has adopted a similar approach in this case with the aim of frustrating Defendant's rights under the loan.

---

[1]      Plaintiff and Defendant are referred to collectively herein as the "Parties."

[2]      TFHSP, which is managed by Mark DiSanti, adopts an approach substantially similar to Mr. DiSanti's other special purpose entities.  *See* Ex E, Appx. 105-107.  Mr. DiSanti is in the business of purchasing properties at HOA foreclosure sales and thereafter attempting to nullify any prior existing mortgage liens. *See, e.g.*, *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-cv-01127-DAE, 2014 WL 1491257, at *5 n.4 (W.D. Tex. Apr. 14, 2014); *JPMorgan Chase Bank, N.A. v. Ngo,* 4:13-CV-00273, 2014 WL 229482, at *2 (E.D. Tex. Jan. 21, 2014) ("One of the principals in Kingman Holdings, LLC is Mark DiSanti ("DiSanti"), a real estate speculator whose business model revolves around purchasing properties at assessment lien foreclosures and then filing suit in an attempt to have the superior mortgage lien declared invalid.") (citing *Kingman Holdings, LLC v. CitiMortgage, Inc.,* No. 4:10–CV–00619, 2011 WL 1883829 (E.D. Tex. Apr. 21, 2011), *report and recommendation adopted*, 2011 WL 1878013 (E.D. Tex. May 17, 2011)); *Kingman Holdings, L.L.C. v. Bank of Am., N.A.*, No. 4:11-CV-00033, 2011 WL 4431970 (E.D. Tex. Sept. 22, 2011); *DiSanti v. Mortg. Elec. Registration Sys., Inc.*, No. 4:10-cv-103, 2010 WL 3338633 (E.D. Tex. Aug. 24, 2010); *DiSanti v. Wachovia Bank, Nat'l Ass'n*, No. 2-08-330-CV, 2009 WL 1372970 (Tex. App.—Fort Worth May 14, 2009, no pet.).

---

Notably, in its Amended Complaint, Plaintiff makes no claim that its purchase of the subject property from a homeowner's association foreclosure sale, which gives rise to its purported interest in the property, was superior to the mortgage lien securing the home equity loan made to the borrower, Oscar A. Osorio.  Nor does Plaintiff contend that the mortgage lien itself is otherwise invalid. Rather, Plaintiff bases its quiet title claim, premised on the purported unenforceability of the security instrument evidencing the lien, on three arguments:  First, Plaintiff contends that the home equity security instrument securing Mr. Osorio's loan is void under the Texas Constitution because the "loan to value ratio of the underlying note is greater than that allowed" by the Constitution.  Second, Plaintiff maintains that the home equity security instrument is unenforceable due to the expiration of the statute of limitations for foreclosure under the Texas Civil Practice and Remedies Code.  And, lastly, Plaintiff hopes to nullify Defendant's right to foreclosure by contending that the assignment to J.P. Morgan Chase Bank, which is of record, does not adequately "reflect the chain of title."  *See Plaintiff's Amended Complaint*, at 3-6 [Doc. #6].  For the reasons set forth herein, Plaintiff's quiet title claim, as informed by the foregoing predicate claims, fails as a matter of law.

## II.     SUMMARY JUDGMENT EVIDENCE

In support of its Motion, Defendant relies upon and incorporates herein by reference the following evidence, which is contained and numbered consecutively in the Appendix filed contemporaneously herewith, consistent with Northern District of Texas LR 56.6:

**Exhibit A:**     A true and correct copy of the Declaration of Rebeccah Mayoh and its exhibits 1-9 is attached hereto and incorporated by reference as **Exhibits A-1** through **A-9**.

**Exhibit B:**     A true and correct certified copy of the Declaration of Covenants, Conditions and Restrictions for Villas of Beacon Hill and Stone Creek Village, which is filed of record in the Official Public Records of Dallas County, Texas under Document Number 9420003310, is attached hereto and incorporated by reference as **Exhibit B**.

**Exhibit C:**   A true and correct copy of the Affidavit affirming the HOA foreclosure sale, which is filed of record in the Official Public Records of Dallas County, Texas under Document Number 201400107989, is attached hereto and incorporated by reference as **Exhibit C**.

**Exhibit D**:   A true and correct copy of the Assessment Lien Deed, which is filed of record in the Official Public Records of Dallas County, Texas under Document Number 201400112310, is attached hereto and incorporated by reference as **Exhibit D**.

**Exhibit E**:   A copy of TFHSP LLC's Certificate of Formation and Tax Franchise Report, filed with the Texas Secretary of State, is attached hereto and incorporated by reference as **Exhibit E**. [3]

**Exhibit F**:   A certified copies of Releases of Lien, filed in the Official Public Records of Dallas County, Texas, are attached hereto and incorporated by reference as **Exhibit F**.

## III.   UNDISPUTED MATERIAL FACTS

Oscar A. Osorio ("Mr. Osorio") obtained a cash-out first lien refinance loan in the amount of $150,000.00 from Long Beach Mortgage Company ("Long Beach") on or about April 29, 2003 (the "Loan"), the terms of which were reflected in a Texas Home Equity/Adjustable Rate Note ("Note") and a Texas Home Equity Security Instrument ("Security Instrument"). See Exh. A-1, A-2; Appx. 005-024   Gloria T. Osorio ("Mrs. Osorio") (Mr. and Mrs. Osorio, collectively, the "Osorios") also executed the Security Instrument.   The Loan is secured by property commonly known as 201 Bay Meadows Drive, Irving, Texas 75063 (hereinafter, the "Property").   Id.   The Loan funds paid off an underlying purchase money mortgage held by Cornerstone Home Mortgage Company, which subsequently released its lien. Ex. F.

At the time of closing on the Loan, the Osorios also executed a number of additional documents, including (1) a Texas Home Equity Affidavit and Agreement, which sets forth specific representations and warranties regarding the Loan; (2) a Notice Concerning Extensions

---

[3]      Defendant requests that the Court take judicial notice of these public records contained in Exhibits B through E pursuant to FED. R. EVID. 201.

of Credit Defined By Section 50(a)(6), Article XVI, Texas Constitution; and (3) a Texas Home Equity Fair Market Value Acknowledgement. See Exhs. A-3 through 5; Appx. 025-034.

Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (the Savings Bank) ("WaMu") thereafter became successor in interest to Long Beach Mortgage Corporation by operation of law.   See Exh. A-6, Appx. 035-062.   After the Federal Deposit Insurance Company assumed the receivership for WaMu following its collapse in 2008, JP Morgan Chase Bank, National Association ("Chase Bank") assumed many of WaMu's assets, including the Loan.   See Exhs. A-7, 8; Appx. 063-068.   Chase Bank subsequently assigned the Loan to Defendant.   See Exh. A-9, App. 069-070.

The Property is subject to certain restrictions and protective covenants under the Stone Hill Homeowners' Association, Inc. (the "HOA").   Ex. B.   Pursuant to the Declaration of Covenants, Conditions and Restrictions for Villas of Beacon Hill and Stonecreek Village ("Declaration of Covenants"), the HOA may assess a lien on the Property for unpaid HOA assessments.   Ex. B at 8-9, Section 3.9; Appx. 079-081.   However, under a section entitled "Subordination of the Lien to Mortgages," the Declaration specifically provides that the HOA's lien shall not be superior to "bona fide first mortgage or deed of trust liens for purchase money and/or home improvement purposes placed upon [the Property]…, in which event the [HOA's] lien shall automatically become subordinate and inferior to such first lien."   Ex. B at 10, Section 3.10(a); Appx. 081.   Apparently, the Osorios failed to pay their HOA maintenance charges, and the HOA recorded an assessment lien on March 11, 2014.[4]   Ex. D; Appx. 102-104

---

[4]     Indeed, the Osorios have had a history of financial troubles, as further evidenced by a series of bankruptcy filings in the United States Bankruptcy Court for the Northern District of Texas.  Those filings include *In Re: Oscar Osorio*, Case No. 09-37579-BJH13, filed on November 3, 2009; *In re: Oscar Osorio*, Case No. 10-38649-SGJ13; and *In Re: Oscar Osorio*, Case No. 11-34355-BJH13, all of which were dismissed at various times.  Defendant asks that the Court take judicial notice of these bankruptcy cases, and the records of these cases pursuant to Federal Rule of Evidence 201.

The HOA foreclosed on its lien and sold the Property to Plaintiff on April 1, 2014.  Ex E; Appx.

105-107.

Premised on its interest obtained through the foreclosure of the HOA's junior lien,

Plaintiff filed this lawsuit in an attempt to eliminate Defendant's senior lien interest in the

Property.  *See* Amended Petition [Doc. #6].  In its Amended Complaint, Plaintiff subsumes a

number of predicate claims in an action for quiet title, and requests that "the property be quieted

in Plaintiff."  *See id.*  For the reasons stated in the Motion for Summary Judgment, filed

simultaneously herewith, and as demonstrated by Defendant's summary judgment evidence,

Plaintiff's claims fail as a matter of law.

## IV.     ARGUMENTS & AUTHORITIES

### A.     Summary Judgment Standard

The Court is familiar with the summary judgment standard. To summarize, summary

judgment is appropriate where the pleadings and evidence show that no genuine issue exists as to

any material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P.

56(c).  Rule 56 mandates the entry of summary judgment against a party who fails, after

adequate discovery and upon motion, to make a sufficient showing to establish the existence of

an element essential to that party's case, and upon which that party will bear the burden of proof

at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  *Id*.

When a movant carries his initial burden, the burden then shifts to the nonmovant to

show that the entry of summary judgment is inappropriate.  *Celotex*, 477 U.S. at 322–324;

*Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir.1992).  Although the nonmovant

may satisfy this burden by tendering depositions, affidavits, and other competent evidence,

"conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the

nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set

forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Merely

colorable evidence or evidence not significantly probative, however, will not defeat a properly

supported motion for summary judgment. *Anderson*, 477 U.S. at 249–50. Furthermore, a mere

scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252;

*Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir.1994). In the absence of any proof,

the court does not assume that the non-movant could or would prove the necessary facts. *Little*

*v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The movant's motion for

summary judgment will be granted if he meets his burden and the nonmovant fails to make the

requisite showing that a genuine issue exists as to any material fact. FED. R. CIV. P. 56(e) (2).

**B.     Plaintiff's Suit to Quiet Title Fails as a Matter of Law**

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the

title. *See Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007). "However, in a

suit to quiet title, a plaintiff must base her action on the strength of her own title, and not the

weakness of her opponent's title." *In re Slusser*, 136 S.W.3d 245, 248 (Tex. App.—San Antonio

2004, no pet.); *see Morlock, L.L.C. v. Bank of America, N.A*, 2014 WL 7506888, at *5 (5th Cir.

2014) ("The plaintiff must supply proof necessary to establish his superior equity and right to

relief.") (citations omitted).

To prevail in a suit to quiet title, therefore, a plaintiff must prove: (1) it has an interest in

a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the

claim, although facially valid, is invalid or unenforceable. *DTND Sierra Invs., LLC v. Deutsche*

*Bank Nat. Trust Co.*, No. 04-12-00817-CV, 2013 WL 4483436, at *3 (Tex. App.—San Antonio

Aug. 21, 2013, pet. denied) (mem. op.). Here, the documents recorded in the real property

records of Dallas County, and existing case law addressing Plaintiff's predicate claims, wholly

undermine Plaintiff's quiet title claim.

**1.     TFHSP Has No Standing to Challenge the Assignment Conferring Defendant's Interest in the Loan**

As one basis for Plaintiff's quiet title claim, Plaintiff asserts that "on information and belief, the Assignment of the deed of trust [sic]…is ineffective to transfer title of the deed of trust to Defendant." *Amended Complaint*, p. 5  [Doc. #6].  Though "the law is settled" in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend "on any ground which renders the assignment void."  *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013). Plaintiff's argument here fails for two reasons:  First, no Texas court, however, has conferred standing to challenge voidable loan assignments to third-party *purchasers* of property, similarly situated to TFHSP.  Nor have any Texas courts endorsed a third-party property interest holder's standing to challenge a mortgage loan to which it was not a party.  And second, even assuming such standing, Plaintiff has alleged no facts – and can muster no evidence – creating a fact issue as to whether the challenged assignments are, in fact, void.

The existing case law affirms that third-party purchasers, such as Plaintiff, have no standing to challenge the validity of assignments on grounds that would render such assignments voidable, as opposed to void. *See, e.g.,  Morlock, L.L.C. v. Bank of Am., N.A.*, CIV.A. H-14-1678, 2015 WL 136654, at *4 (S.D. Tex. Jan. 9, 2015) (plaintiff, which purportedly purchased property at an HOA sale, lacked standing to challenge assignment; *citing Morlock v. The Bank of New York*, ___ S.W.3d___, 2014 WL 4085771 (Tex. App.-Houston [1st Dist.] Aug. 9, 2014, no pet.)); *Silver Gryphon, L.L.C. v. HSBC Bank USA, N.A.*, CIV.A. H-14-443, 2014 WL 2611811, at *4 (S.D. Tex. June 11, 2014), *appeal dismissed* (Sept. 15, 2014) (purchaser of property at

HOA sale did not have standing to challenge assignment based on allegation that a purported VP of MERS was unauthorized to execute the assignment). [5]

Defendant has found no authority in Texas that would confer standing on a third-party purchaser to challenge assignments, even where such a party could assert facts rendering the assignment void. To adopt Plaintiff's logic would allow *any* third party with a purported interest in the Property, including mechanics' lien holders and other judgment lien claimants – as opposed to the borrower obligated on the mortgage loan – to challenge an assignment conferring the right to foreclose for non-payment of a mortgage loan. Courts have not supported this expansive view of standing for purposes of challenging loan assignments. In *Reinagel*, for instance, the Fifth Circuit rejected Deutsche Bank's argument that the obligor could not challenge a void assignment, given the "odd result" which would arise should Deutsche Bank be shown *not* to be a valid party of the deed of trust of promissory note. 735 F.3d at 225. The court's reasoning was driven by the notion that an injustice would result if the *obligors*, as parties to the underlying loan documents, could not challenge Deutsche Bank's reliance on the loan documents to foreclosure. *Id.*; *see also, id.* at fn. 8 (citing 6A C.J.S. Assignments § 132 (2013)("A ***debtor*** may…assert against any assignee any matters rendering the assignment absolutely invalid…") and *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012) (recognizing that ***mortgagors*** can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title) (emphasis added)). Texas courts do not appear to have squarely addressed whether a third-party purchaser of property, who is not a party to the

---

[5]     Just as Plaintiff has no standing to challenge the assignments regarding the Loan, it also has no standing to challenge the validity of the Loan itself. *See South Tex. Water Auth. v. Lomas,* 223 S.W.3d 304, 306 (Tex. 2007) (non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary).

underlying mortgage loan, has standing to challenge the assignment of the loan secured by the

property – even on the basis of allegations potentially rendering such assignment void. [6]

Additionally, Plaintiff asserts no facts creating an issue as to whether the challenged

assignment is void, as opposed to *voidable*. Plaintiff merely suggests that Defendant's interest in

the Security Instrument is invalid because Plaintiff "has not discovered any records in the public

records reflecting the chain of title." *Amended Complaint*, ¶ 8 [Doc. #6]. Even if an assignment

were not recorded in the public records, such fact does not render an assignment void. Texas law

affirms that the assignment need not be recorded to effectively convey an interest in a security

instrument. *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 857 (N.D. Tex. 2013),

*aff'd sub nom. Green v. JP Morgan Chase Bank, N.A.*, 562 Fed. Appx. 238 (5th Cir. 2014), *cert.

denied,* 135 S. Ct. 220, 190 L. Ed. 2d 133 (2014) ("The recordation of an assignment puts third

parties on notice of the assignment, but the recordation itself does not affect the validity of the

transfer of interest."); *see also Broyles v. Chase Home Fin.,* No. 3:10–CV–2256–G, 2011 WL

1428904, at *2 (N.D. Tex. Apr. 13, 2011) (finding that assignments need not be recorded and

noting that "Texas courts have consistently held that recordation is not necessary for liens, deeds,

or deeds of trust to be enforceable against the parties to those instruments."). Nonetheless, the

assignments conferring the interest in the Security Instrument to Defendant were, in fact,

recorded. *See* Exhs. A-8, A-9; Appx. 067-070. Moreover, the summary judgment evidence

delineating the process by which Defendant obtained its superior interest in the Property is

otherwise undisputed. *See* Exh. A, ¶¶6-7; Appx. 002. Because Plaintiff has failed to articulate

---

[6]    Other courts have also struggled with this issue. In a case of first impression, the First Circuit took pains to
limit its holding that mortgagors have standing to challenge a mortgage assignment given the unique
position of Massachusetts borrowers. "First, a mortgagor has a legally cognizable right under state law to
ensure that any attempted foreclosure of her home is conducted lawfully. Second, where...a mortgage
contains a power of sale, Massachusetts law permits foreclosure [non-judicially]." *Culhane v. Aurora Loan
Services of Nebraska*, 708 F.3d 282, 290  (1st Cir. 2013). The First Circuit's logic, in limiting standing to
challenge assignments to *mortgagors*, extends to the present circumstances where Plaintiff not only is not a
party to the assignment, but is also (and significantly) not a party to the underlying Loan.

any reason why the challenged assignment of the Loan to Chase Bank (and the subsequent assignment to Defendant) is void, Plaintiff lacks standing to challenge it.

Accordingly, because Plaintiff cannot establish superior title given that it has no standing to challenge Defendant's assignment, Plaintiff's quiet title claim fails on this basis alone. *See, e.g., Worlock, L.L.C. v. Bank of America, N.A.,* 2014 WL 7506888, at * 5 (determining that quiet title claim fails given that plaintiff's invalid assignment claims were without merit); *cf. Trest v. Mortgage Elec. Registration Sys., Inc.*, 4:12-CV-752, 2014 WL 2586965, at *5 (E.D. Tex. June 9, 2014), *appeal dismissed* (Oct. 18, 2014) (dismissing claims because plaintiff did not allege anything that would render the assignment void and "the lone challenge asserted by Plaintiff would merely render the Assignment voidable, [therefore] she lacks standing to make that challenge").

### 2.      Plaintiff's Purported Challenge to the Home Equity Lien Fails

#### a.      Even if Plaintiff Has Standing, It is Barred by Limitations

To the extent that Plaintiff has standing to challenge the validity of Defendant's security interest and/or the Loan itself, such a challenge is barred by limitations. The Fifth Circuit's opinion in *Priester* mandates dismissal of Plaintiff quiet title claim to the extent it is premised on claims arising the time the Osorios originated the Loan. In *Priester*, the plaintiffs filed a lawsuit five years after their home equity loan was originated seeking a declaratory judgment that the loan was void and that the lender was required to forfeit all interest due to alleged constitutional violations. *Priester*, 708 F.3d at 671-72. The Fifth Circuit "recognized that there is a four-year statute of limitations period for constitutional infirmities under Section 50(a)(6), which begins to run from the closing of the lien" and held that the plaintiffs' claims were barred by limitations. *Id.* at 674-76. The Court should reach the same conclusion in this case and dismiss the Complaint with prejudice.

---

The Fifth Circuit's "interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders [the Fifth Circuit's] prior decision clearly wrong." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Since *Priester* was decided, numerous district courts have recognized its binding effect and have dismissed claims under Section 50(a)(6). [7]  No subsequent state court decision or constitutional amendment has rendered *Priester* clearly wrong.  The only subsequent state court decision that Trustee is aware of joins *Priester* in holding that the four-year statute of limitations applies to claims arising from the home equity provisions of the Texas Constitution.  *Williams v. Wachovia Mortgage Corp.*, 407 S.W.3d 391, 395-97 (Tex. App.—Dallas July 11, 2013, pet. denied).

Moreover, the Fifth Circuit has repeatedly reaffirmed that *Priester* is controlling in cases involving similar allegations.[8] Because *Priester* is a published decision of the Fifth Circuit interpreting Texas law, and has not been rendered clearly wrong by a subsequent state court decision or statutory amendment, it is controlling in this case.

The origination of the Loan occurred on April 29, 2003. Ex. A-1, Appx. 005-010.  As such, any claims related to the loan-to-value ratio, or any other constitutionally significant accrued on April 29, 2003, and must have been asserted on or before April 29, 2007.  *See Priester*, 708 F.3d at 674-76; *see Nunez v. CitiMortgage, Inc.*, 2014 WL 819463, at *2 (W.D. Tex. Marc. 3, 2014) ("Where a claim is based on an alleged violation of section 50(a)(6), the

---

[7]     *See, e.g., Scott v. JP Morthatgan Chase Bank, N.A.*, No. 4:13-cv-3211, 2014 WL 4167980, at *3-5 (S.D. Tex. Aug. 19, 2014); *Taylor v. U.S. Bank Nat'l Ass'n*, Civ. No. H–13–3783, 2014 WL 1703936, at *2-4 (S.D. Tex. Apr. 29, 2014); *Iacobucci v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1425-B, 2013 WL 6061343, at *3 (N.D. Tex. Nov. 15, 2013); *Stretcher v. Bank of Am., N.A.*, No. 3:13-CV-2932-L, 2013 WL 6017460, at *3-4 (N.D. Tex. Nov. 13, 2013); *Cypert v. USBC Bank USA Nat'l Ass'n*, No. 3:13-CV-1032-D, 2013 WL 5822339, at *2 (N.D. Tex. Oct. 30, 2013).

[8]     *See Bormio Investments, Inc. v. USBC Bank USA Nat'l Ass'n*, __ F. App'x __, 2014 WL 2924915, at *2 (5th Cir. June 30, 2014) (affirming the application of *Priester* to similar claims); *Kramer v. JP Morgan Chase Bank, N.A.*, __ F. App'x __, 2014 WL 2872905, at *3-4 (5th Cir. June 25, 2014) (affirming *Priester*'s reasoning); *Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 414 (5th Cir. Apr. 30, 2014) (same); *Moran v. Ocwen Loan Servicing, L.L.C.*, 560 Fed. App'x 277, 279-80 (5th Cir. Mar. 24, 2014) (affirming *Priester*'s reasoning and refusing to certify question to the Texas Supreme Court).

---

limitations period begins to run *when the loan closes* because that is when the legal injury occurs.") (emphasis added). Therefore, Plaintiff's claim, to the extent it is premised on a purported violation of the loan-to-value ratio (or any other claim arising at the time of Loan origination), is time barred and should be dismissed. *See id.*

        b.      The Borrowers' Execution of the Affidavit and Acknowledgement Regarding the Loan is Dispositive

Plaintiff's contention that the Security Instrument violates the Texas Constitution because "among other things, the loan to value ratio of the underlying note is greater than that allowed" also lacks merit. Aside from presenting no evidence to the contrary (and having no standing in the first instance to challenge the basis for foreclosure), the fact that the Osorios executed documents making specific representations to Long Breach Mortgage Company affirming their belief as to the fair market value of the Property. *See Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. 1962) ("We reaffirm the principle that parties to a contract have an obligation to protect themselves by reading what they sign."); *See* Exhs. A-3 through A-5; Appx. 025-034. Unless Plaintiff can show, at a minimum, that Deutsche Bank had actual knowledge that the value the Osorios acknowledged at closing was incorrect, or that the value was not supported by an appraisal prepared in accordance with a state or federal requirements applicable to home equity loans, Section 50(h) creates a conclusive presumption on the fact issue of value that the borrower cannot later contradict or even dispute. *See* TEX. CONST. art. XVI, § 50(a)(6)(Q)(ix) and 50(h). For this reason, in addition to Plaintiff having no standing to challenge the validity of the Loan, Plaintiff's quiet title claim must be dismissed.

### 3.      Plaintiff's Statute of Limitations Argument Fails

Plaintiff also predicates its quiet title claim on the notation that "the exercise of the powers of sale is prohibited by the applicable status of limitations…" *Amended Complaint*, p. 5 [Doc. #6].  This argument also fails.  Under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not seek to foreclose within four years of the day the cause of action accrues.  TEX. CIV. PRAC. & REM. CODE § 16.035; *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001).[9]  "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."  *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).  Where acceleration is optional at the election of the note holder, the cause of action accrues only when the note holder actually exercises its option to accelerate, which requires both a (1) notice of intent to accelerate, and (2) notice of acceleration. *Holy Cross*, 44 S.W.3d at 566.

Aside from having no standing to challenge the validity of the Loan, Plaintiff can present no evidence that Defendant accelerated the Loan more than four years ago or that the statute of limitations has otherwise accrued, thereby precluding Defendant from exercising its rights under the Loan. *See Morlock*, 2015 WL 136654, at * 5 (noting that the lender was "under no obligation to provide information regarding the lien or the loan to the third-party purchaser").  For this additional reason, Plaintiff's quiet title claim should be dismissed with prejudice.

---

[9]      Indeed, since the Loan was initially purchased by Chase Bank from the FDIC receivership, the six-year limitations period set forth in 12 U.S.C. § 1821(d)(14) governs this case. *Jackson v. Thweatt*, 883 S.W.2d 171, 173-74 (Tex. 1994).  Pursuant to 12 U.S.C. § 1821(d)(14)(A), in the case of a contract claim and notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the FDIC as conservator or receiver shall be the longer of: (1) the 6-year period beginning on the date the claim accrues; or (2) the period applicable under State law. *Thweatt*, 883 S.W.2d at 173.  In addition, pursuant to 12 U.S.C. § 1821(d)(14)(B), the date on which the statute of limitations begins to run is the ***later*** of (1) the date of the appointment of the FDIC as receiver, or (2) the date on which the cause of action accrues. *Id.*

## **PRAYER**

WHEREFORE, Defendant respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice as to the re-filing of same.

Respectfully submitted,

*/s/ Arthur E. Anthony*
**Thomas G. Yoxall**
State Bar No. 00785304
tyoxall@lockelord.com
**Arthur Elex Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Alexa R. Watt**
State Bar No. 24065303
awatt@lockelord.com

**LOCKE LORD LLP**
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via ECF* on this 10th day of April, 2015:

Kenneth S. Harter
1620 Beltline Rd.
Carrollton, Texas 75006
kenharter@tx.rr.com

*/s/ Arthur E. Anthony*
Counsel for Defendant