IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TFHSP LLC, SERIES B, AS § <br> TRUSTEE FOR THE BAY MEADOWS § <br> 102 LAND TRUST, § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:14-CV-2180-D <br> VS. § <br> § <br> DEUTSCHE BANK NATIONAL § <br> TRUST COMPANY, AS TRUSTEE § <br> FOR LONG BEACH MORTGAGE § <br> LOAN TRUST 2003-4, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Deutsche Bank National Trust Company, solely in its capacity as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2003-4, Asset-Backed Certificates, Series 2003-4 ("Deutsche")[1] moves for summary judgment dismissing this action brought by plaintiff TFHSP LLC Series B, as Trustee for the Bay Meadows 102 Land Trust ("TFHSP") alleging a quiet title claim premised on the purported unenforceability of Deutsche's security interest in the underlying property. TFHSP has not responded to the motion, and the court grants the motion and dismisses this action with prejudice by judgment

---

[1] According to Deutsche, it has been "erroneously named as Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2003-4." D. Br. 1.

filed today.²

I

In April 2003 Oscar A. Osorio ("Osorio") refinanced his property located in Irving, Texas, executing a promissory note and security instrument in favor of Long Beach Mortgage Company. The note and security instrument were later assigned to Deutsche. When Osorio failed to pay the homeowners' association ("HOA") maintenance charges, the HOA recorded an assessment lien, foreclosed on the lien, and sold the property to TFHSP. TFHSP filed this lawsuit in Texas court. After Deutsche removed the case, TFHSP amended its complaint to allege a single claim for quiet title.

On April 10, 2015 Deutsche filed the instant motion for summary judgment. TFHSP's response was due on May 1, 2015. *See* N.D. Tex. Civ. R. 7.1(e). TFHSP has not responded to the motion, and it is now ripe for decision.

II

When a party moves for summary judgment on a claim as to which it will not have the burden of proof at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the opposing party must go beyond its pleadings and

---

²Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The failure of the party with the burden of proof to produce evidence as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citations omitted). Summary judgment is mandatory if the nonmovant fails to meet this burden. *See Little*, 37 F.3d at 1076.

When a party moves for summary judgment on a defense on which it will have the burden of proof at trial, however, it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the moving party must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "Th[is] court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

As noted, TFHSP has not responded to Deutsche's motion. Its failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is

permitted, however, to accept Deutsche's evidence as undisputed.  *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).  Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  And

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2) and (3).

### III

TFHSP bases its quiet title claim on the following three contentions: (1) the deed of trust is void because it violates Art. XVI, § 50, of the Texas Constitution, Tex. Const. art. XVI, § 50; (2) the deed of trust is unenforceable because exercise of the powers of sale is prohibited by the applicable four-year statute of limitations period; and (3) the assignment of the deed of trust is ineffective to transfer title to Deutsche.  Deutsche moves for summary judgment on each ground.

### A

Deutsche contends TFHSP lacks standing to challenge the assignment of the deed of trust, and that, even if TFHSP does not lack standing, it has failed to produce evidence that

creates a fact issue regarding whether the challenged assignments are, in fact, void. Assuming, *arguendo*, that TFHSP has standing to challenge the assignment of the deed of trust, it has failed to produce any evidence that would enable a reasonable trier of fact to find that the assignment of the deed of trust to Deutsche was invalid. TFHSP has therefore failed to create a genuine issue of material fact on this ground for its quiet title claim.

B

As to TFHSP's contention that the deed of trust is void because it violates Tex. Const. art. XVI, § 50, Deutsche has established beyond peradventure that the four-year statute of limitations bars TFHSP's claim. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673-74 (5th Cir. 2013). Deutsche has adduced undisputed evidence that Osorio refinanced the property on April 29, 2003. The statute of limitations period expired on April 29, 2007. Deutsche has established beyond peradventure that, to the extent TFHSP's claim is based on an alleged violation of Tex. Const. art. XVI, § 50, it is time-barred.

C

Deutsche contends that TFHSP's quiet title claim fails to the extent based on an allegation that the "exercise of the powers of sale is prohibited by the applicable statute of limitations." Am. Compl. 5. Deutsche recognizes that, under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not seek to foreclose within four years of the day the cause of action accrues. But it points to an absence of evidence that it accelerated the loan more than four years after the cause of action accrued, or after the limitations period had otherwise commenced. Because TFHSP has failed to respond to

Deutsche's summary judgment motion, it has not produced any evidence that would enable a reasonable trier of fact to find in TFHSP's favor on this ground of its quiet title claim.

D

In sum, TFHSP has failed to create a genuine issue of material fact on two bases for its quiet title claim, and Deutsche has established beyond peradventure that the statute of limitations bars TFHSP's third basis for its quiet title claim. Deutsche is therefore entitled to summary judgment dismissing TFHSP's action in its entirety.

\* \* \*

Deutsche's April 10, 2015 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

May 14, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE